## Machles v. Zoning Board of Adjustment

*Louis E. Seltzer*, for appellant.

*Raymond Kitty*, Assistant City Solicitor, for City of Philadelphia.

HIRSH, J., September 1, 1971.—This matter is before the court on an appeal from the refusal of the Zoning Board of Adjustment to grant a variance for the use of premises 409 East Rockland Street as a two-family dwelling. The property is a two-story building and is presently used as a one-family dwelling. The property is located in a district zoned "R-9" residential. A public hearing was held on June 23, 1970, at which time the applicant appeared without counsel. There were no protestants. The record and testimony adduced at the hearing disclose the following facts:

The subject property is a two-story single-family row dwelling constructed in the year 1923; that prior to the enactment of the 1962 Zoning Code a two-family dwelling was a permissible use in a district zoned "R-9" residential; that the 400 block of Rockland Street has at least nine legal two-family dwellings, two of which also have legal nonresidential use based on zoning board action; that in the past, four variances have been granted for properties on the same side of the 400 block of Rockland Street as two-family dwellings; and, that husband-applicant is a cardiac patient and desires to convert the property to enable him to construct the ground-floor apartment for himself to avoid the necessity of climbing additional stairs.

The record further discloses that the subject prem-

ises has a rear yard of 136 square feet in area and is 8 feet 6 inches deep, whereas the applicable provision of the Zoning Code requires a rear yard of not less than 244 square feet, 15 feet, 3 inches in depth for a two-family dwelling.

After a cursory hearing, less than six pages of actual testimony were taken, the Zoning Board of Adjustment took the matter under advisement and shortly thereafter denied the requested variance. This appeal followed.

The area requirements of the code are exceeded so very slightly by the proposed use that the zoning board should have considered it to be a hardship to require the applicant to conform to the area requirements. The record here indicates that the proposed use will in no way adversely affect the health, safety and general welfare of the residents of the area.

The action of the board will be upheld where its actions are not arbitrary, capricious or an abuse of its discretion: Polizzi v. Zoning Board of Adjustment, 420 Pa. 405 (1966).

In this case, however, the record disclosed that plaintiffs' request for a variance met with no opposition. In view of the character of the neighborhood, the other properties in the area and the impact on the community of the request in this case, there was sufficient reason to grant the variance requested.

We, therefore, conclude that in this instance the decision of the zoning board was arbitrary, capricious and an abuse of discretion and should be reversed, and plaintiff-applicants should be granted the variance requested.

Accordingly, it is, therefore, ordered and decreed that the appeal from the Zoning Board of Adjustment be and hereby is sustained and defendant is ordered to grant the variance requested.